Jeffrey I. Hasson
Attorney at Law
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com
Washington State Bar No. 23741
Attorney for Defendant

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| BRYAN ANDREWS,<br><br>Plaintiffs,<br><br>vs.<br><br>SIMM ASSOCIATES, INC.,<br><br>Defendant. | Case No.: 3:16-CV-05770-BHS<br><br>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON THE MOTION CALENDAR: July 14, 2017 |

Pursuant to FRCP 56, Defendant Simm Associates, Inc. ("Simm"); by and through their attorney, Jeffrey I. Hasson, move for summary judgment dismissing Plaintiff's Complaint under the Fair Debt Collection Practices Act, 15 USC § 1692 et seq. ("FDCPA") because Plaintiff cannot state a claim against Simm as Simm was acting as an employee of the creditor, while only collecting in the name of the creditor, such that Simm is not a debt collector under the FDCPA. Further, Simm did not repeatedly and continuously causing Plaintiff's telephone to ring **with intent to harass, annoy or abuse Plaintiff.** The calls were not to Plaintiff's telephone. The calls were to Plaintiff's employer's telephone and the calls were discontinued when Simm was



Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

first informed by a third party that the phone number was the wrong number for Plaintiff.

Further, pursuant to FRCP 56, Simm moves for summary judgment dismissing Plaintiff's Complaint under the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA") because Simm's calls to a landline are not subject to the TCPA.

If Summary Judgment is not allowed in full, Simm requests that partial summary judgment be allowed on portions of the claim where Simm has shown there is no issue of material fact and Simm is entitled to Judgment as a matter of law.

The motion is based on the Plaintiff's Complaint [Dkt. # 1], Plaintiff's Responses to Interrogatories [Dkt. # 22-1], the deposition of Jeffrey Scott Simendinger dated April 5, 2017 ("Simendinger depo") [Dkt. # 22-2], the declaration of Simendinger [Dkt. # 20], the declaration of Applied Bank [Dkt. # 21], and the declaration of Jeffrey I. Hasson [Dkt. # 22], the files and records in this matter, and accompanying support which are fully incorporated by this reference.

POINTS AND AUTHORITIES

**1. Allegations**

Plaintiff alleges that Simm used an autodialer to place multiple calls to Plaintiff's cellular telephone without the prior consent of Plaintiff in violation of the TCPA. Dkt. # 1, p. 2, ¶ 11. This is false. In fact, all calls were made to a landline.

Plaintiff alleges that Simm violated 15 USC § 1692d (5) by repeatedly and continuously causing Plaintiff's telephone to ring **with intent to harass, annoy or abuse Plaintiff**. Dkt. # 1, p. 2, ¶ 10. This is false also.

Simm did not telephone Plaintiff with intent to harass, annoy or abuse Plaintiff. The telephone was a landline for a business, and was not Plaintiff's telephone. Further, the FDCPA does not apply to Plaintiff as a matter of law in this case because Simm is not a debt collector under the FDCPA.



Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

**2. Background.**

Simm is not a debt collector under the FDCPA.

Simm was hired to do a project for Plaintiff's creditor, Applied Bank, as a first party collection service. Under this project, Simm answered calls from consumers, and interacted with consumers on their delinquent accounts with Applied. Dkt. # 22-2, pp. 5-6, Simendinger Depo p. 21, l. 1 through p. 22, l. 1. The project is intended to cure the delinquency and get the consumer back in good standing with Applied on their account. Dkt. # 22-2, pp. 8-9, Simendinger Depo. P. 24, l. 23 through p. 25, l. 5; Dkt. # 20, pp. 1-2, ¶ 3.

For this project for cell phones, Simm has a cell phone policy. Simm does a daily cell phone inventory scrub. Simm omits cell phones from any type of predictive dialing campaign. For cell phones, Simm uses manual dialing where you dial the area code, the prefix and the extension and you sit and wait until somebody picks the phone up. Dkt. # 20, p. 2, ¶ 4.

On February 15, 2016, Applied Bank forwarded an account against Plaintiff to Simm under the project. Dkt. # 20, p. 2, ¶ 5.

Applied forwarded two phone numbers to Applied for Plaintiff: (1) 206-235-2695 and (2) 360-989-1700. The second number was Plaintiff's work phone number. Dkt. # 20, p. 2, ¶ 6; Dkt. # 21, p. 2, ¶ 4.

Andrews Nation, Inc., a Washington corporation, with UBI Number 602940455, located at 9208 NE Hwy 99 # 107, Vancouver, WA 98665 doing business as the unregistered name of Accelerated Postal & Print, and is represented by the phone number that is (360) 989-1700, and is a business landline. See Dkt. # 22-1, pp. 2-3, Plaintiff's Response to Interrogatory No. 3.

All calls that are the subject of this action were made to the work landline. See Dkt. # 22-1, p. 4, Plaintiff's Response to Interrogatory 12.

On or about the following dates, Simm, on behalf of Applied Bank, placed calls to Plaintiff at the corporation at (360) 989-1700.



Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

| Date | Eastern Time | Who made call | Result |
|---|---|---|---|
| 2/16/2016 | 11:46 AM | Dialer | Left a Message on Machine |
| 2/17/2016 | 1:55 PM | Dialer | Call Dropped |
| 2/19/2016 | 11:07 AM | Dialer | Call Dropped |
| 2/22/2016 | 11:23 AM | Dialer | Call Dropped |
| 2/23/2016 | 11:05 AM | Dialer | Transferred to Collector but No Answer |
| 2/25/2016 | 8:07 PM | Dialer | Transferred to Collector and transferred to answering machine and no message left |
| 2/26/2016 | 11:18 AM | Dialer | Left a Message on Machine |
| 2/29/2016 | 8:20 PM | Dialer | Left a Message on Machine |
| 3/1/2016 | 2:09 PM | Dialer | Left a Message on Machine |
| 3/2/2016 | 11:16 AM | Dialer | Left a Message on Machine |
| 3/3/2016 | 2:50 PM | Dialer | Left a Message on Machine |
| 3/4/2016 | 6:18 PM | Dialer | Left a Message on Machine |
| 3/7/2016 | 11:09 AM | Dialer | Left a Message on Machine |
| 3/8/2016 | 5:01 PM | Dialer | Left a Message on Machine |
| 3/9/2016 | 6:54 PM | Dialer | Left a Message on Machine |
| 3/11/2016 | 11:11 AM | Dialer | Transferred to Collector but No Answer |
| 3/14/2016 | 6:12 PM | Dialer | Transferred to Collector but No Answer |
| 3/16/2016 | 1:57 PM | Dialer | Left a Message on Machine |
| 3/17/2016 | 2:23 PM | Dialer | Transferred to Collector but No Answer |
| 3/18/2016 | 11:05 AM | Dialer | Transferred to Collector but No Answer |
| 3/21/2016 | 3:18 PM | Dialer | Left a Message on Machine |
| 3/24/2016 | 5:18 PM | Dialer | Transferred to Collector but No Answer |
| 3/28/2016 | 3:26 PM | Dialer | Left a Message on Machine |
| 3/29/2016 | 3:05 PM | Dialer | Transferred to Collector and transferred to answering machine and no message left |
| 3/30/2016 | 2:33 PM | Dialer | Transferred to Collector but No Answer |
| 3/31/2016 | 2:11 PM | Dialer | Left a Message on Machine |
| 4/1/2016 | 11:08 AM | Dialer | Transferred to Collector but No Answer |
| 4/4/2016 | 6:26 PM | Dialer | Left a Message on Machine |
| 4/5/2016 | 1:04 PM | Dialer | Left a Message on Machine |
| 4/6/2016 | 12:07 PM | Call from Collector | Reached voice mail and no message left |
| 4/7/2016 | 1:40 PM | Dialer | Left a Message on Machine |
| 4/7/2016 | 1:44 PM | Call from Collector | Reached voice mail and no message left |
| 4/8/2016 | 1:39 PM | Dialer | Transferred to Collector but No Answer |
| 4/11/2016 | 12:09 PM | Dialer | Transferred to Collector but No Answer |
| 4/12/2016 | 11:14 AM | Dialer | Left a Message on Machine |
| 4/13/2016 | 12:38 PM | Dialer | Left a Message on Machine |



Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

| Date | Eastern Time | Who made call | Result |
|---|---|---|---|
| 4/18/2016 | 2:46 PM | Dialer | Left a Message on Machine |
| 4/20/2016 | 6:26 PM | Dialer | Left a Message on Machine |
| 4/21/2016 | 3:54 PM | Dialer | Left a Message on Machine |
| 4/22/2016 | 5:16 PM | Dialer | Left a Message on Machine |
| 4/25/2016 | 5:54 PM | Call from Collector | No answer |
| 4/26/2016 | 12:57 PM | Call from Collector | No answer |
| 4/27/2016 | 2:22 PM | Dialer | Left a Message on Machine |
| 4/27/2016 | 2:55 PM | Incoming call from Plaintiff | A person who identified himself as Josh said this is the wrong number for the debtor. He requested the number be removed. Collector agreed to remove. |

Dkt. # 20, pp. 2-3, ¶ 8.

All of Simm's calls to Plaintiff were for the purpose of curing Plaintiff's delinquency with Applied and getting Plaintiff back in good standing with Applied on their account. Dkt. # 22-2, pp. 8-9, Simendinger Depo. P. 24, l. 23 through p. 25, l. 5; and Dkt. # 20, p. 4 ¶ 10.

The only time someone responded to any of the calls, the person did not identify themselves as Plaintiff; said that the wrong number was called; and asked that the phone number not be re-called. Simm complied with this request. Dkt. # 20, p. 4 ¶ 11.

The calls by Simm did not cause Plaintiff's telephone to ring, and the calls to Plaintiff at his work were not intended to harass, annoy or abuse Plaintiff. To the contrary, it was not Plaintiff's telephone and the calls were intended to help Plaintiff get back in good standing with Applied. Dkt. # 20, p. 4 ¶ 12.

This Action was commenced on September 8, 2016.

On January 27, 2017, the Court entered an Order Setting deadlines. Dkt. # 10.

The amendment deadline was originally set for March 9, 2017. Dkt. # 10. On March 13, 2017, the parties jointly moved to extend the amendment deadline 30 days. Dkt. # 12. The Court allowed the Motion and the amendment deadline was extended to April 10, 2017. Dkt. # 13.



Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

On April 5, 2017, the Court allowed Simm's Amended Answer to be filed. Dkt. # 15.

On April 25, 2017, Simm's attorney conferred with Plaintiff's attorney regarding Simm's Motion for Summary Judgment. It was at that point that Plaintiff's attorney informed Simm's attorney that Plaintiff intended to file an amended complaint with new theories. Dkt. # 22, pp. 2-3, ¶¶ 5-10.

It was not until June 6, 2017, two months after the amendment deadline expired, and without a motion to extend the amendment deadline did Plaintiff move to amend his Complaint. Dkt. # 17. This Motion is opposed. Dkt. # 19.

**3. Argument**

**a. Telephone Consumer Protection Act (TCPA).**

The TCPA makes it "unlawful for any person … to make any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a paging service, ***cellular telephone service***, specialized mobile radio service, or other radio common carrier service, ***or any service for which the called party is charged for the call,*** unless such call is made solely to collect a debt owed to or guaranteed by the United States; …" 47 USC § 227 (b) (1) (A) (iii) (emphasis added).

The allegations in the Complaint are that Simm made calls to Plaintiff's cellular phone without prior consent. Dkt. # 1, p. 2, ¶ 11. This is false. None of the calls were made to Plaintiff's cellular phone.

All calls that are the subject of this action were made to the work landline. See Dkt. # 22-1, p. 4, Plaintiff's Response to Interrogatory 12.[1]

---

[1] On April 25, 2017, Plaintiff's attorney indicated that he may file an amended complaint to allege that Simm is still liable because the landline is a service for which the called party is charged for the call. ***The called party in this case is*** Andrews Nation, Inc. Plaintiff is not charged for the call. See Dkt. # 22-1, pp. 2-3, Plaintiff's Response to Interrogatory No. 3.



Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

As a result, there is no cause for an Action under the TCPA against Simm.

This Action against Simm must be dismissed.

**b. Fair Debt Collection Practices Act (FDCPA).**

i. Simm is not a debt collector under the FDCPA.

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. … The term does not include- …
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor. *15 USC § 1692a (6)(A).*

In the present case, Simm was acting as a first party collection service and collecting in the name of the creditor. Dkt. # 21, pp. 1-2, ¶ 3; and Dkt. # 20, pp. 1-2, ¶ 3.

As a result, Simm is not a debt collector.

Since Simm is not a debt collector, Simm is not subject to the FDCPA.

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously ***with intent to annoy, abuse, or harass any person at the called number.*** *15 USC§ 1692d (5).*

*15 USC§ 1692d (5)* restricts what a debt collector can do. Since Simm is not a debt collector, Simm did not and cannot violate the FDCPA.

Even if Simm were subject to the FDCPA, Simm did not violate *15 USC§ 1692d (5).*

Plaintiff alleged that Simm caused "Plaintiff's telephone" to ring repeatedly or continuously. Dkt.. #1, p. 2, ¶ 10, This is false because Plaintiff was always called at his work.

---

Plaintiff does not have the right to bring a TCPA claim on Andrews Nation's behalf. See *US Fax Law Ctr., Inc. v. Ihire, Inc.*, 476 F.3d 1112 (10th Cir. 2007); *j2 Global Communs., Inc. v. Protus IP Solutions*, Case 06No. cv -00566-DDP, 2010 US Dist. LEXIS 145369 (C.D.Cal. Oct. 1, 2010). The Motion was finally filed on June 6, 2017, two months after the amendment deadline expired, and without a motion to extend the amendment deadline did Plaintiff move to amend his Complaint. Dkt. # 17. This Motion is opposed. Dkt. # 19.



Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Response to Interrogatory 12. Simm never caused "Plaintiff's telephone" to ring at all.

Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls. *Arteaga v. Asset Acceptance, LLC*, 733 F.Supp.2d 1218, 1227 (E.D.Cal. 2010).

Similar to *Arteaga*, in this case, the calls were not intended to annoy, abuse or harass Plaintiff. All of Simm's calls to Plaintiff were for the purpose of curing Plaintiff's delinquency with Applied and getting Plaintiff back in good standing with Applied on their account. Dkt. # 22-2, pp. 8-9, Simendinger Depo. P. 24, l. 23 through p. 25, l. 5.

The only time someone responded to any of the calls, the person did not identify themselves as Plaintiff; said that the wrong number was called; and asked that the phone number not be re-called. Simm complied with this request. Dkt. # 20, p. 4 ¶ 11.

The volume of calls in this case does not sustain a claim under *15 USC§ 1692d (5).*

**4. Conclusion**

This court should dismiss Plaintiff's Complaint against Simm.

Dated: June 20, 2017.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Hasson Law, LLC
Phone: (503) 255-5352
Attorney for Simm



Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Certificate of Service

I hereby certify that on June 20, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Joshua Trigsted and I hereby certify on that I mailed by United States Postal Service the document to the following:

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Attorney for Simm
Hasson Law, LLC
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com



Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124