UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN ANDREWS,

                Plaintiff,

    v.

SIMM ASSOCIATES, INC.,

                Defendant.

CASE NO. C16-5770 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

This matter comes before the Court on Defendant Simm Associates, Inc.'s motion for summary judgment (Dkt. 23) and Plaintiff Bryan Andrews's motion for leave to file an amended complaint (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby (1) grants in part and denies in part Defendant's motion for summary judgment, and (2) grants Plaintiff's motion for leave to file an amended complaint.

## I. BACKGROUND

On September 8, 2016, Plaintiff filed his complaint. Dkt. 1. Plaintiff brings claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). *Id.*

On June 6, 2017, Plaintiff moved for leave to file an amended complaint. Dkt. 17. On June 19, 2017, Defendant filed a response opposing amendment. Dkt. 19. On June 23, Plaintiff replied. Dkt. 24.

On June 20, 2017, Defendant moved for summary judgment. Dkt. 23. On July 10, 2017, Plaintiff responded. Dkt. 26. On July 14, 2017, Defendant replied. Dkt. 3.

## II. DISCUSSION

**A.     Motion for Summary Judgment**

    **1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### 2. FDCPA Claim

Defendant moves for summary judgment on Plaintiff's FDCPA claim on three grounds. First, Defendant argues that it is not a "debt collector" for the purposes of the FDCPA because it was hired as a "first party collection service." Second, Defendant argues that Plaintiff cannot show that Defendant intended to harass or annoy him when calling his place of work.

#### a. "Debt Collector"

Regarding the first argument, the Court concludes that Defendant has failed to establish that it is entitled to summary judgment under a theory that it is not a "debt collector" subject to the FDCPA. Under the FDCPA, a "debt collector" is one "who uses any instrumentality of interstate commerce or the mails in any business [1] the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Everyone agrees that the term embraces the repo man—someone hired by a creditor to collect an outstanding debt." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1720 (2017). Such a "repo man" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Accordingly, whether Defendant is a debt collector under the FDCPA turns on whether Defendant can establish that it is an employee of the creditor, Applied Bank, performing collections in Applied Bank's name.

The Court concludes that Defendant has failed to establish that it is an employee of Plaintiff's creditor for the purposes of avoiding liability as a debt collector under the

FDCPA. Although Defendant claims that it was acting as an "employee" of the original creditor, its statement that it "was acting as a first party collection service and collecting in the name of the creditor," Dkt. 23 at 7, is insufficient to establish that it is an employee of the creditor. Defendant's corporate disclosures make clear that it is not an affiliated entity to the creditor in this case, Applied Bank.[1] More importantly, despite Defendant's indication that the term "employee" incorporates Washington State law's borrowed servant doctrine, Defendant fails to offer any substantive analysis or evidence on how the employees it assigned to work Plaintiff's account with Applied Bank were exclusively controlled by Applied Bank when servicing Plaintiff's account, as opposed to acting as employees of Defendant as it performed a project for Applied Bank as a debt collector/independent contractor. As declarations provided by Defendant make clear, Defendant was hired "to do *a project* for Applied," Dkt. 21 at 1 (emphasis added), an averment which could just as easily describe a contractor relationship as it could a borrowed servant relationship. Accordingly, at the very least, there remain factual issues on whether the persons servicing Plaintiff's account were employees of the creditor or employees of Defendant.

Defendant's conclusory declarations calling it a "first party collection service" are insufficient to entitle it to the benefit of 15 U.S.C. § 1692a(6)(A). From the arguments

---

[1] The Court notes that the applicable provision of the statutory "debt collector" definition in such an instance would be 15 U.S.C. § 1692a(6)(B), which pertains to "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts."

and facts set forth in the parties' briefings and supporting affidavits, the most the Court can decipher regarding Defendant's relationship with Applied Bank is that Defendant was contracted to perform collection services on Plaintiff's delinquent account. If it looks like a duck, swims like a duck, and quacks like a duck, then it probably is a duck. Absent any substantive argument or evidence regarding the relationship between Defendant, Applied Bank, and the individual collectors servicing Plaintiff's account, the Court refuses to find that Defendant is not a debt collector subject to the FDCPA.

### b. Intent of Defendant

Defendant also contends that Plaintiff's FDCPA claim must fail because Plaintiff cannot establish that Defendant called his phone with "intent to annoy, abuse, or harass," as prohibited by 15 U.S.C. 1692d(5). Dkt. 23 at 7–8. Specifically, Defendant argues that Plaintiff cannot prove intent to harass as a matter of law because (1) the calls were placed to defendants' work phone, as opposed to his personal phone, and (2) "all of Simm's calls to Plaintiff were for the purpose of curing Plaintiff's delinquency with Applied and getting Plaintiff back in good standing with Applied on their account." *Id.*

Defendant's arguments here are borderline frivolous. To support its first argument regarding ownership of the phone line, Defendant does not cite any authority for the proposition that the prohibition of 15 U.S.C. 1692d(5) applies only to phone lines belonging to the debtor. In fact, in support of its overall argument, Defendant cites to a single case, *Arteaga v. Asset Acceptance, LLC*, 733 F.Supp.2d 1218, 1227 (E.D. Cal. 2010), for the proposition that "[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." Dkt. 23 at 8.

However, *Arteaga* itself states that "[t]he practice of calling a debtor outside of his or her home—*by calling the debtor's workplace* or the homes of a debtor's family and friends—or calling at inconvenient hours, can also constitute harassment." *Arteaga*, 733 F. Supp. 2d at 1228 (emphasis added). Defendant does not dispute that it called Plaintiff at his place of work over forty times between February and April of 2016 and left twenty-four recorded messages. *See* Dkt. 20 at 2–3. Additionally, the parties appear to dispute whether Defendant ceased calling Plaintiff at his work after being asked to stop. Dkt. 26 at 3 (citing Dkt. 22-1 at 5). The Court concludes that a genuine dispute of fact exists as to whether Defendant repeatedly called Plaintiff's place of work with intent to harass him. *See Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D. Nev. 2008) ("Intent to annoy, abuse, or harass may be inferred from the frequency of calls, the substance of the calls, or the place to which phone calls are made."); *Sanchez v. Client Servs., Inc.*, 520 F. Supp. 2d 1149, 1161 (N.D. Cal. 2007) (placing fifty-four calls to consumer at work and leaving twenty-four messages on work answering machine within six months entitled plaintiff to partial summary judgment that the calls were intended to annoy, abuse, and harass consumer in violation of FDCPA).

Defendant's second argument is simply nonsensical. Of course Defendant's calls to Plaintiff's place of work were intended to "cur[e] Plaintiff's delinquency with Applied and ge[t] Plaintiff back in good standing." Dkt. 23 at 7–8. This is virtually true of every call from a debt collector to a debtor. The question is whether the collector employed harassing tactics to encourage the debtor to cure his delinquency. The Court need not

address this argument any further. Defendants' motion for summary judgment is denied as to Plaintiff's FDCPA claims.

### 3. TCPA Claim

Defendant argues that it is entitled to summary judgment on Plaintiff's TCPA claim because it never called Plaintiff's cellphone. Dkt. 23 at 6. The Court agrees. The TCPA makes it "unlawful for any person . . . to make any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, *or any service for which the called party is charged for the call*, unless such call is made solely to collect a debt owed to or guaranteed by the United States . . . ." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). The record makes clear that, contrary to the allegations in Plaintiff's complaint (*see* Dkt. 1 at 2), Defendant never placed any calls to Plaintiff's cellphone. Plaintiff admits this in his motion for leave to amend. Dkt. 17 at 2–3. Accordingly, to the extent that Plaintiff's TCPA claims are based on alleged calls to his cellphone, those claims are dismissed.

**B. Motion for Leave to Amend**

Plaintiff also moves for leave to file an amended complaint. Dkt. 17. Plaintiff seeks to amend his TCPA claim as to allege unlawful use of "an automatic telephone dialing system to place multiple calls to Plaintiff's *work telephone*" instead of to his cellphone. Dkt. 17-1 at 2 (emphasis added).

Leave to amend an initial pleading may be allowed by leave of the Court and "shall freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the discretion of the trial court. *Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). In determining whether amendment is appropriate, the Court considers five potential factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (3) whether there has been previous amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The Court's decision is guided by the established practice of permitting amendments with "extreme liberality" in order to further the policy of reaching merit-based decisions. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In light of this policy, the nonmoving party generally bears the burden of showing why leave to amend should be denied. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

Defendant opposes the amendment on the basis that Plaintiff's proposed amendment is futile. Dkt. 19 at 6–12. Specifically, Defendant argues that Plaintiff lacks standing to bring a TCPA claim based on calls to his work phone because it is Plaintiff's business, not Plaintiff, who owns the phone line. *Id.*

When interpreting a statute to assess standing, the Court "presume[s] that a statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014) (quotation omitted). In applying the "zone of interest" test in a TCPA claim, the Third Circuit has recently concluded that:

> [I]t is clear that the [TCPA]'s zone of interests encompasses more than just the intended recipients of prerecorded telemarketing calls. . . . [A] regular user of the phone line who occupies the residence being called undoubtedly has the sort of interest in privacy, peace, and quiet that Congress intended to protect.

*Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 326 (3d Cir. 2015).

Plaintiff appears to have standing under the TCPA where it is alleged that Defendant made automated phone calls to his work line that were intended for Plaintiff and Plaintiff pays for such calls on a per-call basis. In addition to prohibiting automated calls to cellphones, the TCPA makes it "unlawful for any person … to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to . . . *any service for which the called party is charged for the call* . . . ." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). Plaintiff has presented more than sufficient evidence to suggest that he was the "called party" within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii): there is no dispute that he was the intended recipient of the calls and that he actually received the calls. Dkts. 28, 28-2. The fact that Plaintiff was the intended recipient of the call may be sufficient by itself to establish standing as a "called party" under the TCPA, although the Court recognizes that this simple bright-line test is not certain. *See e.g.*, *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 565 (W.D. Wash. 2012) (when plaintiff is the intended recipient of automated text messages, "[o]n that basis alone, there is authority for finding that she has standing."). Additionally, Plaintiff has raised a colorable argument that he is "charged for the calls" by asserting that he is the subscriber charged on the phone bill and that he is charged on a per call basis. *See* Dkts. 28, 28-2. Although Defendant argues that Plaintiff's business pays the phone bill, they do

not provide any evidence to support this assertion. Regardless, even if Plaintiff's business pays the phone bill, it is still unclear from the arguments advanced in the parties' briefing whether Plaintiff might still be considered "charged for the calls" for the purposes of the TCPA when he is personally liable for the charges on the phone service. *See* Dkt. 28 at 2.

Based on the foregoing, the Court concludes that Plaintiff has alleged, at the very least, a plausible claim that Defendant used automated calls when Plaintiff was the "called party" who was "charged for the call" within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii). Accordingly, the proposed amendment is not futile and the Court grants Plaintiff leave to amend his TCPA claim.

### III. ORDER

Therefore, it is hereby **ORDERED** as follows:

1. Defendant's motion for summary judgment (Dkt. 23) **GRANTED in part** and Plaintiff's TCPA claims based on alleged calls to his cellphone are **DISMISSED**;

2. Defendant's motion for summary judgment (Dkt. 23) is **DENIED in part** to the extent that it seeks judgment on Plaintiff's FDCPA claims as a matter of law; and

3. Plaintiff's motion for leave to amend his TCPA claim is **GRANTED**. The amended complaint shall be filed no later than August 25, 2017. Failure to meet the deadline will result in result in the dismissal of his TCPA claim.

Dated this 9th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge